Brad P. Miller, ISB No. 3630
Tracy L. Wright, ISB No. 8060
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5240
Email: bmiller@hawleytroxell.com
        twright@hawleytroxell.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BROADCAST MUSIC, INC.; STONE DIAMOND MUSIC CORP.; BEECHWOOD MUSIC CORPORATION; MJ PUBLISHING TRUST, d/b/a MIJAC MUSIC; CONDUCIVE MUSIC; SPIRIT ONE MUSIC, A DIVISION OF SPIRIT MUSIC GROUP INC.; EMBASSY MUSIC CORPORATION; CROMPTON SONGS; RONDOR MUSIC INTERNATIONAL, INC., d/b/a IRVING MUSIC; BOY MEETS GIRL MUSIC; CARALJO MUSIC, INCORPORATED; MALACO MUSIC COMPANY; PEERMUSIC III, LTD.; DYNATONE PUBLISHING COMPANY; INTERIOR MUSIC CORP.; JJ GREY MUSIC, INC., | CASE NO.  1:18-CV-548  COMPLAINT |
| Plaintiffs, | |
| vs. | |
| TOM GRAINEY'S, INC., d/b/a TOM GRAINEY'S a/k/a TOM GRAINEY'S SPORTING PUB a/k/a GRAINEY'S BASEMENT a/k/a GRAINEY'S UNDERGROUND; and JASON A. KOVAC, individually, | |
| Defendants. | |

COMPLAINT - 1

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1.   This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101, et seq. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3.   Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.   The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.   Plaintiff Stone Diamond Music Corp. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

6.   Plaintiff Beechwood Music Corporation is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

7.   Plaintiff MJ Publishing Trust is a trust doing business as Mijac Music.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

COMPLAINT - 2

8.   Plaintiff Conducive Music is a sole proprietorship owned by Janice-Marie Vercher. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9.   Plaintiff Spirit One Music is a division of Spirit Music Group Inc., a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Embassy Music Corporation is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff Boy Meets Girl Music is a partnership owned by Shannon Rubicam and George Robert Merrill.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Caraljo Music, Incorporated is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff Malaco Music Company is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Plaintiff Peermusic III, Ltd. is a limited company.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

17. Plaintiff Dynatone Publishing Company is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

18. Plaintiff Interior Music Corp. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

COMPLAINT - 3

19. Plaintiff JJ Grey Music, Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

20. Defendant Tom Grainey's, Inc. is a corporation organized and existing under the laws of the state of Idaho, which operates, maintains and controls an establishment known as Tom Grainey's also known as Tom Grainey's Sporting Pub also known as Grainey's Basement also known as Grainey's Underground, located at 109 S 6th Street, Boise, Idaho 83702, in this district (the "Establishment").

21. In connection with the operation of the Establishment, Defendant Tom Grainey's, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

22. Defendant Tom Grainey's, Inc. has a direct financial interest in the Establishment.

23. Defendant Jason A. Kovac is the President of Defendant Tom Grainey's, Inc. with responsibility for the operation and management of that corporation and the Establishment.

24. Defendant Jason A. Kovac has the right and ability to supervise the activities of Defendant Tom Grainey's, Inc. and a direct financial interest in that corporation and the Establishment.

25. Defendant Jason A. Kovac previously had a licensed account with BMI for the Establishment which was cancelled on or about June 30, 2015.

<u>CLAIMS OF COPYRIGHT INFRINGEMENT</u>

26. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 25.

27. Since April 2017, BMI has reached out to Defendants over thirty (30) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the

COMPLAINT - 4

Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

28. Plaintiffs allege fifteen (15) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

29. Attached hereto as Exhibit A and incorporated herein by reference is a schedule (the "Schedule") which contains a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the fifteen (15) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

COMPLAINT - 5

30. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

31. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

32. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

33. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

34. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

COMPLAINT - 6

WHEREFORE, Plaintiffs pray that:

1.   Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

2.   Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

3.   Defendants be ordered to pay costs, including a reasonable attorney fees, pursuant to 17 U.S.C. Section 505; and

4.   Plaintiffs have such other and further relief as is just and equitable.


DATED THIS 11th day of December, 2018.

HAWLEY TROXELL ENNIS & HAWLEY LLP


By  _/s/  Brad P. Miller_____
    Brad P. Miller, ISB No. 3630
    Attorneys for Plaintiffs

01879.0020.11544332.1